### UNION BANK OF ROCHESTER *v.* NEUMAN.

(*Supreme Court, General Term, Fifth Department.* January 23, 1891.)

PLEADING—ISSUES—VARIANCE—OBJECTIONS WAIVED.

Where, in an action on a note, the complaint avers that the note was executed by defendant as maker, and by him delivered for value to the payee, who, in turn, indorsed it for value to plaintiff, and the answer admits these averments, but the case is tried on the theory that it is an open question whether the payee was the lender of the money or an accommodation indorser, who acted as defendant's agent in procuring the note to be discounted by plaintiff, an objection after trial that the issue tried was different from that made by the pleadings comes too late.

Motion by defendant for a new trial on a case and exceptions ordered to be heard at the general term in the first instance, after verdict for the plaintiff at the circuit. The action was on a note by Union Bank of Rochester against Harris Neuman.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*George Truesdale,* for plaintiff.    *George W. Reed,* for defendant.

DWIGHT, P. J. The action was on a promissory note of $1,000, made by the defendant, payable to the order of George Truesdale, three months from date. The complaint set out the note, and alleged that it was made and de-

livered by the defendant to the payee for value received, and that the latter subsequently, for value received, indorsed and transferred the same to the plaintiff. The answer expressly admitted these allegations of the complaint, and averred that the note was so made and delivered to Truesdale upon a corrupt and usurious agreement, by and in pursuance of which the latter was to, and did in fact, reserve and secure to himself interest at the rate of 10 per cent. on the amount of the note, for the period of three months. Under these pleadings the issue tried at the circuit and submitted to the jury was whether the note had inception in the hands of Truesdale, or whether it was made by the defendant, and indorsed by Truesdale and one Doty as accommodation indorsers, for the purpose of being discounted at the plaintiff's bank, and whether Truesdale acted as the agent of the defendant in procuring the indorsement of Doty and the discount by the plaintiff. That was the theory of the case which the evidence on the part of the plaintiff tended to establish, and which was sustained by the verdict of the jury. The defendant now objects that the theory mentioned was excluded by the positive allegations of the complaint which were admitted by the answer, and that the recovery was contrary to the facts thus conclusively established. The objection would undoubtedly have been a good one if it had been raised on the trial. The complaint clearly alleges the inception of the note in the hands of Truesdale as a subsisting obligation, and its transfer by him to the plaintiff, and these allegations are admitted by the answer. The defendant was therefore entitled to avail himself of those facts on the trial, as conclusively established for all the purposes of the action, but, unfortunately for his defense, he failed to do so. There is no exception in the case which raises the question of the effect of the pleadings upon the issues actually tried. The case was tried throughout as if the question whether Truesdale was the lender of the money or an accommodation indorser were an open one. That was the one question submitted to the jury by instructions of the court, to which no exception was taken. Indeed the requests to charge made by the defendant all assumed that the jury were to find, upon the evidence, whether the note had inception in the hands of the payee, and there was nowhere a suggestion that that question was foreclosed by the pleadings. The case is plainly one in which the parties, by tacit consent, adopted, for the purpose of the trial, an issue other than that which was framed by the pleadings, and, having done so, it is now too late for either to object that the result was *contra allegata*. Under the issue actually tried, the instructions of the court were entirely correct, the evidence objected to was plainly relevant, and the verdict was in accordance with the weight of evidence. For the reasons indicated, we think the motion for a new trial must be denied. All concur.